IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

GARY MEYER, and NXGEN, LLC, a Colorado
limited liability company,

Plaintiffs,

v.

COMPUTER ROOM DESIGN CORP, INC.,
an Ohio corporation,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs Gary Meyer and NXGEN, LLC, by their attorneys Scott L. Terrell, P.C., state

the following for their Complaint:


## I. PARTIES

1.      NXGEN, LLC ("NXGEN") is a limited liability company, organized and existing

under the laws of the state of Colorado.  NXGEN offers data center design  methods, products

and materials doing business under the trade name TRIAD.

2.      Plaintiff Gary Meyer ("Meyer") is an individual, residing in Berthoud, Colorado.

Meyer is the Member Manager of NXGEN, and is inventor of the patented subject matter.

3.      Defendant COMPUTER ROOM DESIGN CORPORATION ("CRD") is a

corporation, organized and existing under the laws of the state of Ohio.    CDR offers computer

1

room design services and, perforated raised floor panel products under the PATI  designated product line.

## II. JURISDICTION AND VENUE

4.    The action arises under the patent laws of the United States, 35 U.S.C. § 101 *et. seq.*

5.    This Court has original subject matter jurisdiction over the asserted claims under 28 U.S.C. §§ 1331, 1332, 1338(a), and 1338(b).

6.    This Court has personal jurisdiction over CRD as Meyer's and NXGEN's claims arise out of CRD's transaction of business, the commission of tortious acts, its entry into a contract in this judicial district, and as Meyer and NXGEN have incurred, and will continue to incure damages sustained within this judicial district by the alleged acts and conduct of CRD.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## III GENERAL ALLEGATIONS

8.    Letters of Patent, U.S. Ser. No. 8,091,302 ( " '302 Patent "), were issued to Meyer on 10 January, 2012, being entitled *Raised Floor Access Panel With Integrated Leveler.* Meyer owns all right, title and interest to the '302 Patent with an obligation of assignment to NXGEN. Exhibit 1.

9.    Letters of Patent, U.S. Ser. No. 8,056,300 ( " '300 Patent ") were issued to Meyer on 15 November, 2011, being entitled *Raised Floor Access Panel Retrofit Method.* Meyer owns

all right, title and interest to the '300 Patent with an obligation of assignment to NXGEN.
Exhibit 2.

10.     Letters of Patent, U.S. Ser. No. 9,217,252 ( " '252 Patent ") were issued to Meyer

on 22 December, 2015, being entitled *Airgrate Floor Panel Sub-Plenum Retrofit Airfoil*. Meyer

owns all right, title and interest to the '252 Patent with an obligation of assignment to NXGEN.

Exhibit 3.

11.     On or about 3 October, 2007, CDR accepted an offer by NXGEN under the terms

of the Dealer Representative Agreement (the "Agreement" herein) to perform dealer

representative obligations for NXGEN's TRIAD airflow technology line of products. Exhibit 4.

12.     Pursuant to the Agreement, CDR promised to promote the TRIAD line of

products in front of any others in the CDR's design quote of data center projects, and received

valuable technical design efficacy data, product designs, and technical validation data supporting

the its sales, in a representative capacity, and its distribution of NXGEN's TRIAD line of air

grate floor panel products.

13.     Pursuant to the Agreement, CDR promised to hold in secret NXGEN's technical

design efficacy data, product design data, and technical validation data supporting the efficacy

and utility of NXGEN's TRIAD line of air grate floor panel products.

14.     The technical design efficacy data, product design data, and technical validation

data supporting the efficacy and utility of NXGEN's TRIAD line of air grate floor panel

products, together with its airflow characteristics, NEXGEN's marketing strategies, pricing

categories, and product designs of NXGEN's air flow panels, its panel levelers, and its

underfloor plenum air directing air foil technology, all as used in connection with raised floor

designs and products for use in data centers throughout the world are confidential information disclosed to CDR, under the Agreement.

15.     Subsequent to execution of the Agreement with NXGEN, CRD, commenced in making, using, and selling, or having made, used, and sold its Pati line of perforated raised floor panels, including providing data center airflow design elements incorporating said panels and technology, in direct competition with NEXGEN, all while being in possession of NXGEN's technical design efficacy data, product design data, and technical validation data supporting the efficacy and utility of NXGEN's TRIAD line of air grate floor panel products.

16.     CRD's Pati line of products include NXGEN's airflow panel design features, including its airfoil turning vanes and corner levelers.

17.     CRD imports its panels at substantially lower cost than that of NXGEN to undercut the NXGEN market, and, on information and belief is negotiating a transfer of its OEM rights to the Pati line of products to ASM.

FIRST CLAIM FOR RELIEF
('302 Patent Infringement, 35 U.S.C. § 271(a))

18.     Plaintiffs incorporate the allegations set forth in paragraphs 1 – 17 above.

19.     CDR's manufacturer, sale, offer for sale, importation, and use of its Pati line of products incorporate the claimed elements, and/or their respective equivalents, of one or more of the claims of the '302 Patent is unlawful, knowing and intentional misconduct.

20.     CDR has been on actual and constructive notice of the '302 issued patent claims but has failed or refused to cease and desist from its unlawful course of action.

21.     In casual result, Plaintiffs have suffered and will continue to suffer irreparable injuries, damages and losses.

22.     The acts and conducts of CDR are accompanied by circumstances or willful and malicious disregard of the Plaintiff's rights sufficient to justify an award of reasonable exemplary damages.

## SECOND CLAIM FOR RELIEF
('300 Patent Infringement, 35 U.S.C. § 271(a))

23.     Plaintiff's incorporate the allegations set forth in paragraphs 1 – 22 above.

24.     CDR's manufacturer, sale, offer for sale, importation and use of its Pati line of products incorporate the claimed elements, and/or their respective equivalents, of one or more of the claims of the '300 Patent is unlawful, knowing and intentional misconduct.

25.     CDR has been on actual and notice of the '300 issued patent claims but has failed or refused to cease and desist in its unlawful course of action.

26.     In casual result, Plaintiffs have suffered and will continue to suffer irreparable injuries, damages, and losses.

27.     The acts and conducts of CDR are accompanied by circumstances of willful and malicious disregard of the Plaintiff's rights sufficient to justify an award of reasonable exemplary damages.

## THIRD CLAIM FOR RELIEF
('252 Patent Infringement, 35 U.S.C. § 271(a))

28.     Plaintiff's incorporate the allegations set forth in paragraphs 1 – 27 above.

29.     CDR's manufacturer, sale, offer for sale, importation and use of its Pati line of products incorporate the claimed elements, and/or their respective equivalents, of one or more of the claims of the '252 Patent is unlawful, knowing and intentional misconduct.

30.     CDR has been on actual and notice of the '252 issued patent claims but has failed or refused to cease and desist in its unlawful course of action.

31.     In casual result, Plaintiffs have suffered and will continue to suffer irreparable injuries, damages, and losses.

32.     The acts and conducts of CDR are accompanied by circumstances of willful and malicious disregard of the Plaintiff's rights sufficient to justify an award of reasonable exemplary damages.


FOURTH CLAIM FOR RELIEF
('300 Patent Infringement, 35 U.S.C. § 271(b))

33.     Plaintiff's incorporate the allegations set forth in paragraphs 1 – 32 above.

34.     CDR's manufacturer, sale, offer for sale, importation and use of the Pati line of floor panels which incorporate(s) one or more of the component elements, and/or their respective equivalents, of one or more of the claims of the '302 Patent for use in practicing one or more of the claims of the '300 Patent knowing the same to be especially made or especially adapted for use in an infringement of one or more of the claims of the '300 Patent are unlawful, knowing and intentional acts of misconduct.

35.     CDR has been on actual or constructive notice of the '300 published application, and issued patent claims but has failed and refused to cease in its unlawful course of misconduct.

36.     In casual result, Plaintiffs have suffered and will continue to suffer irreparable injuries, damages, and losses.

37.     The acts and conducts of CDR are accompanied by circumstances of willful and malicious disregard of the Plaintiff's rights sufficient to justify an award of reasonable exemplary damages.


FIFTH CLAIM FOR RELIEF
(Breach of Contract)

38.     Plaintiff's incorporate the allegations set forth in paragraphs 1 – 37 above.

39.     CDR entered into a contract with the NXGEN with the promises to first and foremost represent, market, sell and have sold the  TRIAD line of products, not to compete with the TRIAD line of products, hold in confidence NXGENS's intellectual property and not to disclose the confidences and secrets tendered to CDR by NXGEN in performance of the Agreement.

 40.     CDR's design services and products utilizing the Plaintiff's knowledge, products, design elements, pricing strategies, concepts and ideas, including NXGEN's technical design(s) efficacy data, product design data, and technical validation data supporting the efficacy and utility of its Pati line of air grate floor panel products are in breach of the Agreement causing NXGEN irreparable injuries, damages and losses.

41.     CDR's breach of the Agreement has been, and will continue to be, was willful and wanton conduct, sufficient to justify an award of reasonable exemplary damages.

## SIXTH CLAIM FOR RELIEF
### (Breach of Implied Duty of Good Faith and Fair Dealing)

42.    Plaintiff's incorporate the allegations set forth in paragraphs 1 – 41 above.

43.    The Agreement required that CDR to act in food faith and to deal fairly with NXGEN in performing or enforcing the express terms of the Agreement.

44.    The foregoing acts and conduct of CDR are acts intentionally contrary to that agreed common purpose and with the reasonable expectation of the parties.

45.    As a result of said contrary acts and conduct of CDR, it is in breach of its implied duties of good faith and fair dealing.

46.    As a result of said breach the NXGEN has suffered, and will continue to suffer, irreparable injuries, losses and damages.

## SEVENTH CLAIM FOR RELIEF
### (Unfair Competition 28 U.S.C. § 1338(b))

47.    Plaintiff's incorporate the allegations set forth in paragraphs 1 – 46 above.

48.    CDR's manufacturer, sale, offer for sale, importation, and use of the its computer room design services, incorporating the Pati line of products, which incorporate one or more of the component elements of one or more of the claims of the '300, '302 and/or /252 Patents, or their respective elemental equivalents, while intentionally undercutting NXGENS pricing and marketing structure and strategies disclosed to it under the terms of the Agreement, so as to gain unfair advantage over the valuable commercial pricing and sales structure of NXGEN, for its own commercial purposes are acts and misconduct intentionally engaged in by CDR to unfairly compete with the NXGEN..

49.     The unfair acts and conduct of CDR are causing, and will continue to cause NXGEN to incur irreparable injuries, damages and losses.

50.     The acts and conduct of CDR are attended by circumstances of willful and wanton misconduct sufficient to justify and award or reasonable exemplary damages.

WHEREFORE, Plaintiffs' request this Honorable Court to enter judgment in their favor and against CDR, for such injuries, damages and losses as maybe proven at trial, and that:

A.     CDR, together with its agents, officers, directors, employees, representatives, successors, and assigns, and any persons acting under its control and in active concert or participation with any of them, be preliminarily and permanently enjoined from engaging in any acts or conduct being infringing activities corresponding to any one of the claims  described in any one of the '302, '300, and/or '252 Patents;

B.     making, using or communicating any the confidential airflow technical intellectual property information, pricing and marketing strategies, and product performance data of NXGEN, being communicated to CDR under the terms of the Agreement, in the performance of CDR's computer room design services and/or its making, using or sale of it infringing products;

C.     CDR deliver up to NXGEN for destruction, or certify destruction of, all of CDR's products that infringe any one of said claims of any one of the '300, '302, and/or '252 Patents;

D.     Plaintiffs be awarded its/his or their, costs and attorney's fees, reasonable exemplary damages, and prejudgment interest, and

E.     for such other and further relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.


Dated: 02/01/2016                            SCOTT L. TERRELL, P.C.


                                             s/Scott L. Terrell
                                             Scott L. Terrell, #17,510
                                             14143 Denver West Parkway, Ste. 100
                                             MAIL TO: P.O. Box 17973
                                             Golden, CO 80402
                                             Telephone: (303) 279-0705
                                             Email: *scott@denverpatentlaw.com*
                                             Attorneys for Plaintiff


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 02/01/2016 I electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have served the document or paper to the following CM/ECF participants by CM/ECF:


None.                                        s/Scott L. Terrell


10